UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

IN RE: DASHON MARTEL HINES,

**DECISION AND ORDER**
13-mc-27A

Respondent.

## **PROCEDURAL BACKGROUND**

The Court, upon a finding that respondent, Dashon Martel Hines, had engaged in a pattern of abuse of the judicial process, directed Hines to show cause why he should not be enjoined from filing any future cases in this District without first obtaining permission from the Court. (Docket No. 1, Decision and Order ("Order to Show Cause").)

A review of the Docket had shown that between September 28, 2012 and June 2, 2013, Hines had filed at least 28 cases in this Court and had sought permission to proceed *in forma pauperis* in each of them. Eighteen of these cases were brought within a six to seven week period between October and November 2012, and another nine cases were filed betweem May 8 and May 31, 2013. An earlier case had been filed in 2011, and that case was dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (*Hines v. Bryant & Stratton College, et al.*, 11-CV-1030A.) In that case, respondent, as further evidence of his abusive use of process, filed an interlocutory Notice of Appeal from the Court's initial order providing him an

opportunity to address the issue of subject matter jurisdiction. He had also filed a Notice of Appeal from the Judgment finally dismissing the case. The interlocutory Notice of Appeal was dismissed by the Court of Appeals on the basis that the Court of Appeals had no jurisdiction over the appeal because a final order had not been entered by the district court. The Notice of Appeal from the final order dismissing the case was dismissed by the Court of Appeals following the issuance of the Order to Show Cause herein on the basis that it lacked an arguable basis in law or fact. (*Id.*, Docket Nos. 8, 10-11, 12 and 14.)

As further set forth in the Order to Show Cause herein, the Court had reviewed a number of the 29 cases filed by Hines, pursuant to 28 U.S.C. § 1915(e)(2)(B) and its obligation to review all cases where it appears that subject matter jurisdiction may be lacking, see *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967 (1988) (citations omitted), and, up to the date of issuance of the Order to Show Cause, the Court had dismissed each of those cases on the bases that (1) the Court lacked subject matter jurisdiction, (2) the complaint(s) failed to state claims upon which relief can be granted and/or (3) the claim(s) were frivolous or baseless. (*Hines v. Bryant & Stratton College, et al.*, 11-CV-1030A; *Hines v. DHL Express, et al.*, 12-CV-0917A; *Hines v. Erie County Community College, et al.*, 12-CV-0941A; *Hines v. Independent Health Association, Inc.*, 12-CV-0942A; *Hines v. Ford, et al.*, 12-CV-0998A; *Hines v.*

2

*Towne Ford Lincoln Orchard Park, et al.*, 12-CV-1006A; and *Hines v. Assurance Wireless-Virgin Mobile*, 12-CV-1145A.

In one of those cases, *Hines v. DHL Express, et al.*, 12-CV-0917A, the Court, in an overabundance of caution and pursuant to Circuit precedent, provided Hines the opportunity to file an amended complaint, *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), but with respect to only one of the claims set forth in the complaint (12-CV-0917A, Docket No. 5, Decision and Order). Hines, rather than filing an amended complaint as directed, filed a baseless interlocutory Notice of Appeal, *see* 28 U.S.C. § 1291, from the Order permitting him to file an amended complaint (*id.*, Docket No. 6, Notice of Appeal). He also later filed a Notice of Appeal from the final order dismissing the action. (*Id.*, Docket No. 9, Notice of Appeal.) The Court of Appeals has, to date, dismissed the interlocutory Appeal based on plaintiff's failure to file an application to proceed *in forma pauperis* on appeal or pay filing fee. (Docket No. 11, Mandate Issued August 13, 2013.) This was (and is) further evidence of Hines's unabated frivolous and vexatious conduct in this Court and the Court of Appeals.

Hines has appealed each of the cases previously dismissed by this Court and, for each of them addressed by the Court of Appeals to date, the Court of Appeals has dismissed the appeal either on the merits or for failure to comply with the requirement to file a motion to proceed *in forma pauperis* or pay the filing fee. *Hines v. Bryant & Stratton College, et al.*, 11-CV-1030 (Docket No. 14,

Mandate-Order dismissing appeal because it lacks an arguable basis in law or fact); *Hines v. DHL Express, et al.*, 12-CV-0917A (Appeal Docket No. 13-2631-Order dismissing appeal because it lacks an arguable basis in law or fact) (Mandate not issued to date)); *Hines v. Erie Community College, et al.*, 12-CV-0941A (Docket No. 7, Mandate-Order dismissing appeal for failure to file application to proceed *in forma pauperis* or pay filing fee); *Hines v. Assurance Wireless-Virgin Mobile*, 12-1145A (Appeal Docket No. 13-2208 (Order-dismissing appeal for failure to file application to proceed *in forma pauperis* or pay filing fee (Mandate not issued to date)).

Hines has even appealed from the non-final Order to Show Cause issued herein, which appeal is pending currently in the Court of Appeals. (Docket No. 3.)

## DISCUSSION

Hines has filed a response to the Order to Show Cause (Docket No. 2, Response) but the Court finds that he must be enjoined from filing any future actions in this Court without first obtaining permission from the Court. Hines's response provides no basis for the Court not to prohibit him from filing any future actions in this Court without first obtaining Court permission. Hines submits that the Court is violating his First Amendment rights to "Freedom of Religion, Press [and] Expression," and has abused its discretion by dismissing his cases as " ' frivolous or baseless, and vexatious' " due to the fact that he has requested poor person status. He appears to claim that the Court, rather than dismissing his

cases *sua sponte*, should have served the summons and complaint and provided the defendants an opportunity to move to dismiss each the cases, and then "all of the court['s] concerns [would have been] properly addressed . . . ." (*Id.*)

Hines provides absolutely no justification for his repeated filing of case after case in this Court. He states only that "[t]he cases cited in all of the opinions received by [him] contain cases that are **'hot button'** topics and/or complex litigation which is not settled even after presentation to a court for redress." (*Id.* (emphais added) (citing *Hughes v. Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988)). The Court's *sua sponte* review and dismissals of Hines's case was performed solely pursuant to its constitutional and statutory obligations.

## CONCLUSION

For the reasons set forth in the Court's prior Decision and Order in this matter (Docket No. 1), the Court hereby enjoins Dashon Martel Hines from filing any future actions of any kind in this Court without first obtaining the permission of the Court as directed below.

## ORDER

IT IS HEREBY ORDER that respondent, Dashon Martel Hines, shalll **not** file any future actions of any type in this Court without first obtaining written permission from the Court;

FURTHER, that if Hines wishes to file any future actions of any type he shall file, along with a complaint, a separate Request For Permission Pursuant to Court Order to File New Action and a copy of this Decision and Order, which acknowledges both that (1) he has been barred from filing any future actions of any type without first obtaining permission from the Court and (2) that he, is in fact, requesting permission to file a new action notwithstanding the prohibition against future filings;

FURTHER, that this prohibition against the filing of any future actions in this Court without first obtaining permission from the Court is equally applicable to any future actions of any kind transferred to this Court from another Court of any jurisdiction, and if the transferred in action would not have been filed here under the conditions set forth in this Order, it shall be subject to a summary order of dismissal after preliminary review by the Court.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: September __, 2013