-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: DASHON MARTEL HINES,

**DECISION AND ORDER**
13-mc-27A

On September 13, 2013, this Court, based on a pattern of abuse of the judicial process, enjoined Dashon Martel Hines from filing any new actions of any type without first seeking permission from the Court. (Docket No. 6, Decision and Order.)[1] Hines was advised that if he wished to file any new actions he must, along with a complaint, file a separate Request For Permission to file a new action that acknowledged that he had been barred from filing any new actions without first obtaining permission from the Court and that he was seeking permission to file a new action notwithstanding the prohibition against future filings. (Docket No. 6, Order, at 6.)

Prior to imposing the filing bar, the Court had provided Hines with notice of its intention to impose the filing bar and an opportunity to show cause why such a bar should not be imposed. (Docket No. 1, Order to Show Cause.) The Order to Show Cause also stated specifically and warned Hines that:

---

[1] The conduct that led to the imposition of the injunction is specifically set forth in both the Order imposing the injunction (Docket No. 6, Order, at 1-4) and the Order to Show Cause that provided Hines notice of the Court's intention to enjoin him from filing any new actions and an opportunity to respond (Docket No. 1, Order, at 2-4.)

> "[I]f he seeks permission to file further cases that contain claims that have no merit, are frivolous or baseless or that the Court lacks subject matter jurisdiction over or if he simply seeks permission to file further cases too often, the Court will immediately amend the sanction order and completely bar him from filing any further actions of any type."

(*Id.*, at 8.)

In complete and utter defiance of this warning, Hines has filed, within the last couple of weeks, at least thirteen (13) Requests for Permission to file new actions in this Court. (*In re Matter of Dashon Martel Hines*, 15-mc-1A, 15-mc-4A, 15-mc-5A, 15-mc-6A, 15-mc-7A, 15-mc-8A, 15-mc-9A, 15-mc-10A, 15-mc-12A, 15-mc-13A, 15-mc-14A and 15-mc-15A.) Permission has been denied in each matter. (15-mc-1A, Docket No. 2, Decision and Order; 15-mc-4A-10A, and 12A-15A, Docket No. 2, Decision and Order.[2]) Hines has again started a new onslaught and campaign of filings with the Court and begun anew the same conduct which led to the imposition of the filing bar initially. Such conduct was previously summarized by the Court as: "Hines's obvious intent to continue to file cases against what appears to be anyone or anything he comes in contact with . . . ." (13-mc-27A, Decision and Order, at 7.)

If Hines is not completely barred immediately from filing any further (new) actions of any type it is obvious, based upon his prior and current conduct, that he will continue to file numerous Requests for Permission in complete defiance of

---

[2]The Court denied the Requests in 15-mc-4A-10A, and 12A-15A, in one Decision and Order.

the Court's express warning not to file continued Requests For Permission and thereby defeat the very purpose of the filing bar now in place. When confronted with a *pro se* litigant like Hines, the courts have sometimes responded by completely enjoining him from the filing cases. *See, e.g. In re McDonald,* 489 U.S. 180, 184-85 (1989) (barring *pro se* litigant from filing any new petitions for extraordinary writs); *In re Martin-Trigona,* 9 F.3d 226, 228-229 (summarizing cases in which courts have completely foreclosed "vexatious litigants" from filing designated categories of cases). The Court considered this absolute and complete bar initially when barring Hines from filing any further cases without first obtaining permission from the Court but determined that the "lesser" sanction imposed would be sufficient. (13-mc-27A, Order to Show Cause, at 8.) It was not.

Even a cursory review of the "civil rights complaints" accompanying the Requests for Permission show that the new actions are frivolous, baseless, fail to state a claim upon which relief can be granted or present claims over which the Court has no subject matter jurisdiction. For example, one proposed civil rights complaint is against a New York State Supreme Court Justice based on her conditional denial of an application to proceed *in forma pauperis* and requiring Hines to file an attorney's certificate of merit pursuant to N.Y.C.P.L.R. § 1101(b). (15-mc-8A.) That complaint, if permitted to be filed, would be barred by the doctrine of absolute judicial immunity. *See, e.g., Mireles v. Waco,* 502 U.S. 9

3

(1991); *Stump v. Sparkman*, 435 U.S. 349, 356- 57 (1978).  Another proposed complaint is brought against a company called "Eventbrite" and Hines alleges a breach of an "implied contract" related to his modeling career.  (15-mc-6A.)

Even if any of the proposed civil rights complaints filed with each of the Request For Permission were not baseless, Hines has nonetheless ignored and defied the warning that he not simply file Requests for Permission too often or on a repetitive basis.  Thirteen (13) Requests for Permission in a little over two weeks is ample and sufficient evidence of one thing—Hines's utter, complete and continued abuse of the judicial process.  This conduct cannot be allowed to continue and it is clear that the filing ban now in place is inadequate to deter Hines in any way.

Accordingly, Hines will be completely barred from filing any further (new) actions of any type in this Court for one (1) year from the date of entry of this Order.  During that one year, Hines will no longer be allowed to seek permission to file new action; he is barred completely from filing any further actions in this Court during the one year period.  If Hines attempts to file any further (new) actions, Requests For Permission or anything appearing to be a further (new) action within the one year period, the Clerk's Office shall not accept it for filing and shall return it immediately to him.

Following the one year period, if Hines seeks to file any further actions he must, like before, obtain permission from the Court.  In order to seek Court

permission to file a further action, Hines must file (1) a Request For Permission Pursuant to Court Order to File New Action, (2) a copy of this Decision and Order acknowledging both that he has been barred from filing any further action of any type without first obtaining permission from the Court and that he is, in fact, requesting permission to file a further action notwithstanding the prohibition against any further filings, and (3) a copy of the proposed complaint he seeks to file.  The Request For Permission must state (1) the basis of federal court jurisdiction over each of the claims set forth in the proposed complaint, (2) that the claims set forth in the proposed complaint are warranted by existing case law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law, and (3) that the allegations and other factual contentions set forth in the proposed complaint have evidentiary support or, if specifically so identified, are reasonably based upon information and belief.  A failure to include any of this information in the Request For Permission will be a basis to deny the Request.

Hines is forewarned and advised that if, after the one year complete filing ban set forth herein has expired, he files Request For Permission and seeks permission to file further actions that contain claims that have no merit, are frivolous or baseless or that the Court lacks subject matter jurisdiction over or if he simply seeks permission to file further cases too often or on a repetitive basis, the Court will immediately impose the completely filing bar again without notice or

an opportunity to respond and he will be barred completely from filing any further actions of any type.

The Court notes that it is fully cognizant of the rule in this Circuit that prior to imposing a filing ban against a litigant it must first give the litigant notice of its intention to enter a filing bar and an opportunity for the litigant to respond and show cause why such a bar should not be imposed, see Moates v. Barkley, 147 F.3d 207, 208 (2d Cir.1998). The Court also notes, however, that Hines was given express notice of the consequences of filing Requests For Permission that were baseless or frivolous, or filed too often:

> Hines is on notice, however, that if he seeks permission to file further cases that contain claims that have no merit, are frivolous or baseless or that the Court lacks subject matter jurisdiction over or if he simply seeks permission to file further cases too often, the Court will immediately amend the sanction order and completely bar him from filing any further actions of any type.

(13-mc-27A, Order to Show Cause, at 8.) Hines had been given the opportunity to respond to the Court's Order to Show Cause regarding the filing bar and this express warning regarding what would occur immediately if he continued to engage in abusive conduct and file Requests For Permission that contained baseless claims or were simply filed too often. The Court therefore finds that Hines had more than ample notice of the potential for the imposition of a complete filing bar and an opportunity to respond.

6

IT IS HEREBY ORDERED that Dashon Martel Hines is enjoined and completely barred for a **one (1) year period of time** commencing upon the date of entry of this Decision and Order from filing any further (new) actions of any type in this Court and that he may no longer seek permission to file any further (new) actions of any type in this Court;

FURTHER, that during that one year period, the Clerk of the Court is directed not to accept for filing any further (new) actions of any type by Hines and shall return any such filings to him;

FURTHER, that following the expiration of one year period, if Hines seeks to file any further actions he must, like before, obtain permission from the Court. In order to seek Court permission to file a further action, Hines must file (1) a Request For Permission Pursuant to Court Order to File New Action, (2) a copy of this Decision and Order acknowledging both that he has been barred from filing any further action of any type without first obtaining permission from the Court and that he is, in fact, requesting permission to file a further action notwithstanding the prohibition against any further filings, and (3) a copy of the proposed complaint he seeks to file.  The Request For Permission must state (1) the basis of federal court jurisdiction over each of the claims set forth in the proposed complaint, (2) that the claims set forth in the proposed complaint are warranted by existing case law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law, and (3)

that the allegations and other factual contentions set forth in the proposed complaint have evidentiary support or, if specifically so identified, are reasonably based upon information and belief;

FURTHER, that Hines is advised that nothing in this Order limits his access to any court other than the Western District of New York, or affects his rights in any currently pending actions in any other court; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: _Jan. 30_, 2015